UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civ. No. 05-250 (ADM)
Cr. No. 02-129 (ADM/RLE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | **GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY RAY ESCOBAR, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

Plaintiff, United States of America, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney, and Chris S. Wilton, Assistant United States Attorney, submits this memorandum in opposition to Petitioner Anthony Ray Escobar's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

## INTRODUCTION

Petitioner claims that his sentence is unconstitutional in light of the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005), where the Court held that the Sixth Amendment right announced in Blakely v. Washington, 542 U.S. —, 124 S. Ct. 2531 (2004),[1] was applicable to the U.S. Sentencing Guidelines and declared unconstitutional the portions of the Guidelines which make them mandatory. Based on Booker, he claims

---

[1]Blakely and Booker are based on a line of cases starting with Jones v. United States, 526 U.S. 227 (1999), and continuing through Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002).

that the plea agreement is considered null and void, and that his judgment should be vacated.

Petitioner's motion should be dismissed based on the post-conviction waiver petitioner agreed to as part of his plea agreement for receiving a sentence at offense level 29. (Plea Agreement at ¶ 15).

In the alternative, petitioner's motion should be denied because the decisions in Blakely and Booker do not apply retroactively on collateral review. This Court in United States v. Falodun, 2004 WL 2397612, Crim. No. 01-380 (1)(ADM/RLE)(D.Minn. 2004), and Judge Doty in United States v Stoltz, 325 F.Supp.2d 982 (D.Minn 2004), and other courts have concluded that Blakely's rule, (as extended to federal cases by Booker), is not retroactively applicable on collateral review, and cannot be an actionable ground for relief under § 2255.

## PROCEDURAL BACKGROUND

Petitioner entered a plea agreement with the government and pled guilty on October 10, 2002, to Count 1 of the indictment charging the defendant with conspiracy to possess with intent to distribute 686 grams of methamphetamine. (Plea Agreement at ¶ 2). The plea agreement provided for a departure motion under Guidelines Section 4A1.3 on the grounds that petitioner's criminal history score significantly over-represents the seriousness of petitioner's criminal history score. Id. at ¶ 10. Petitioner also agreed to

waive, and collaterally challenge his sentence if the court did not sentence him above an offense level 29. Id. at ¶ 15.

At sentencing on February 24, 2003, the court found petitioner's criminal history to be overstated at level VI, and departed downward to level IV under Guideline § 4A1.3. (Sentencing Transcript at 4). The Court sentenced petitioner at offense level 29, an 121-month prison term. Id. at 11-12.

Petitioner appealed his sentence arguing that the district court should have departed further, and that he should have received a reduction for a minor role. United States v. Escobar, 84 Fed. Appx. 716, 2003 WL 23101849 (8th Cir. Dec. 30, 2003) (unpublished). The Eighth Circuit affirmed the Court's judgment on December 30, 2003, finding that the district court did not sentence Escobar above offense level 29. After carefully reviewing the record the Court concluded that:

> Mr. Escobar's challenge to the extent of the departure and to the lack of a minor-role reduction are within the scope of the appeal waiver. We also conclude that Mr. Escobar entered into the plea agreement knowingly and voluntarily, and that no miscarriage of justice would result from enforcing the waiver.

Id. The Court also reviewed the record for any nonfrivolous issues not waived by the plea agreement, and found none. Id.

Petitioner did not petition the Supreme Court for a writ of certiorari, and the judgment became final on March 30, 2004.

Petitioner Escobar moved this Court pursuant to Title 28, United States Code, Section 2255 to vacate, set aside, or correct his sentence.

## ARGUMENT

Title 28, U.S.C. § 2255 requires a prisoner to show that he has the right to be released because:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." Blom v. United States, 2003 WL 21639165, *2 (D. Minn. July 2, 2003) (slip op.) (citations omitted). Petitioner is unable to satisfy his burden.

### I. PETITIONER'S § 2255 MOTION SHOULD BE DISMISSED BECAUSE HE KNOWINGLY AND VOLUNTARILY ENTERED INTO A PLEA AGREEMENT AND WAIVED HIS RIGHT TO COLLATERALLY ATTACK HIS SENTENCE

As part of the plea agreement with the United States, Petitioner agreed to waive his right to collaterally challenge his sentence if he was sentenced at offense level 29. This Court sentenced petitioner at level 29, to a 121-month prison term, and therefore, the waiver should be enforced. Such a waiver is enforceable so long as a defendant entered into a plea agreement

knowingly and voluntarily. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). Petitioner makes no such claims that he entered an unknowing or involuntary plea, or that his sentence is the result of advice outside the range of competent counsel. Id. (citations omitted). Petitioner received an equitable sentence by pleading guilty. Based on the terms of the plea agreement, petitioner should be required to hold up his end of the bargain and not be allowed to attack his sentence.

## II. PETITIONER'S MOTION SHOULD BE DENIED BECAUSE BOOKER DOES NOT APPLY RETROACTIVELY TO CASES ON COLLATERAL REVIEW

Given the Supreme Court's recent decision in Booker, petitioner essentially claims constitutional error in his sentence because it was based on facts found by the district court and imposed under the mandatory Guidelines regime. Specifically, petitioner complains that his plea agreement and judgment are null and void in light of Booker. Petitioner's § 2255 motion should be denied because the Supreme Court has not made Booker or Blakely v. Washington, 124 S. Ct. 2531 (2004) applicable retroactively to cases on collateral review.[2]

---

[2]The Eighth Circuit has not yet directly addressed whether Blakely or Booker apply retroactively to cases on collateral review. Courts addressing the issue have all concluded neither Blakely nor Booker applies retroactively to cases on collateral review because the Supreme Court has not so directed. See Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (neither Blakely nor Booker applies retroactively to cases on collateral review); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005)(same); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(Booker does not apply retroactively to cases on collateral review);

In Blakely, the Supreme Court held that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original). Recently, the Supreme Court, in Booker, held the federal guidelines' system of judge-found enhancements violated the Sixth Amendment as construed by Blakely. Booker, 125 S. Ct. at 749-50. To remove this Sixth Amendment impediment, the Supreme Court excised Title 18, United States Code, Section 3553(b)(1), the provision of the Sentencing Reform Act that had made the Guidelines mandatory. Id. at 756-57. In so doing, the Supreme Court thereby rendered the Guidelines effectively advisory.

Here, petitioner's conviction became final on March 30, 2004, well before the issuance of Blakely (on June 24, 2004) and Booker (on January 12, 2005). The Supreme Court has long held its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984)(custodial interrogation rule of Edwards v. Arizona, 451 U.S.

---

Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)(Blakely not applicable to second or successive cases on collateral review); Cook v. United States, 386 F.3d 949 (9th Cir. 2004) (same); Cuevas v. Derosa, 386 F.3d 367 (1st Cir. 2004) (same); Leonard v. United States, 383 F.3d 1146 (10th Cir. 2004)(same).

477 (1981), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973)(prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969)(guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v. Denno, 388 U.S. 293 (1967)(identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), not retroactive); Johnson v. New Jersey, 384 U.S. 719 (1966)(interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona, 384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965)(exclusionary rule of Mapp v. Ohio, 367 U.S. 643 (1961), not retroactive).

Whether Blakely and Booker constitute new rules of constitutional law, the Supreme Court did not announce, as required by section 2255, they should be retroactively applied to cases on collateral review. See Booker, 125 S. Ct. at 769; Blakely, 124 S. Ct. 2531. In fact, Booker noted its holdings applied to "all cases on direct review," but made no explicit statement of its retroactive application to collateral cases. Booker, 125 S. Ct. at 769. Similarly, in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), an opinion issued on the same date as Blakely, the Supreme Court

strongly implied that Blakely is not to be applied retroactively. Summerlin held Ring v. Arizona, 536 U.S. 584 (2002), which extended the application of Apprendi v. New Jersey, 530 U.S. 466 (2000), to facts increasing a defendant's sentence from life imprisonment to death, did not have retroactive application to cases on collateral review. 124 S. Ct. at 2526; see also Blakely, 124 S. Ct. at 2548-49 (O'Connor, J., dissenting)(recognizing the Court's holding in Summerlin "that Ring (and *a fortiori* Apprendi) does not apply retroactively on habeas review").

Even if the present application is construed as one for an initial section 2255 petition, it would be barred by Teague v. Lane, 489 U.S. 288 (1989) and United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002). Booker constitutes a "new constitutional rule of criminal procedure" which, under Teague, is not retroactively applicable to cases that became final before the decision was announced.[3] In Teague, the Supreme Court held only "watershed" procedural rules,

[3]In her dissenting opinion in Blakely, Justice O'Connor opined Blakely might be viewed as merely an application of the rule announced in Apprendi so that "all criminal sentences imposed under the federal . . . guidelines since Apprendi . . . arguably remain open to collateral attack." 124 S. Ct. at 2549. However, the Supreme Court has defined a "new rule" under Teague as one that was not "'dictated by precedent existing at the time the defendant's conviction became final.'" Graham v. Collins, 506 U.S. 461, 467 (1993) (quoting Teague, 489 U.S. at 301 (emphasis in Teague)). Subsequent decisions have clarified a rule may be "new" although earlier cases supported it, Sawyer v. Smith, 497 U.S. 227, 236 (1990), "or even control or govern" it, Saffle v. Parks, 494 U.S. 484, 491 (1990).

defined as those "without which the likelihood of an accurate conviction is seriously diminished," apply to sentences that have become final after direct appeal. Id. at 313.

Although the Supreme Court has not explicitly addressed whether Blakely or Booker is a watershed procedural rule, the Court considered a similar issue in Schriro v. Summerlin, 124 S. Ct. 2519 (2004). In Summerlin, the Court considered whether the rule announced in Ring v. Arizona, 536 U.S. 584, 602 (2002), applied retroactively to cases on collateral review. Like Blakely, Ring applied Apprendi to a state's sentencing scheme. In Ring, the Supreme Court struck down an Arizona law permitting a judge, rather than a jury, to find the existence of certain aggravating factors warranting imposition of the death penalty. Id. at 609. The Ninth Circuit Court of Appeals subsequently concluded Ring had announced a substantive rule or, in the alternative, a watershed procedural rule, and applied Ring retroactively to a case on collateral review. Summerlin v. Stewart, 341 F.3d 1082, 1121 (9th Cir. 2003).

The Supreme Court, however, rejected the Ninth Circuit's reading of Ring as it was not a substantive rule altering the range of conduct subject to Arizona's death penalty. Summerlin, 124 S. Ct. at 2523. The Court then held Ring did not announce a watershed procedural rule because it was implausible to believe that "judicial factfinding so seriously diminishes accuracy as to produce an impermissibly large risk of injustice." Id. at 2525

(emphasis in original) (internal quotation marks omitted). Therefore, Ring promulgated only a procedural rule that should not be applied retroactively to cases on collateral view. Id. at 2526.

The decision in Booker, like Ring, was based on an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000)[4]:

> In Blakely v. Washington, we dealt with a determinate sentencing scheme similar to the Federal Sentencing Guidelines. . . . For reasons explained in Jones, Apprendi, and Ring, the requirements of the Sixth Amendment were clear. The application of Washington's sentencing scheme violated the defendant's right to have the jury find the existence of " 'any particular fact' " that the law makes essential to his punishment. That right is implicated whenever a judge seeks to impose a sentence that is not solely based on "facts reflected in the jury verdict or admitted by the defendant."

Booker, 125 S. Ct. at 749; see also In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (reasoning Blakely and Booker are extensions of Apprendi and are similarly inapplicable to cases already final on direct review). The Eighth Circuit, in accordance with every other court of appeals, has previously held Apprendi did not announce a watershed procedural rule retroactively applicable to cases on collateral review. United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v.

---

[4]Under Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum," whether the statute calls it an element or a sentencing factor, "must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001).

Moreover, courts of appeals having considered the issue have concluded neither Booker nor Blakely announced a watershed procedural rule retroactively applicable to cases on collateral review. As succinctly addressed by the Seventh Circuit:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process.

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); see also United States v. Price, __ F.3d ___, 2005 WL 535361 (March 8, 2005 10th Cir.); Humphress v. United States, – F.3d –, 2005 WL 433191 (6th Cir. Feb. 25, 2005); United States v. Lucero, 2005 WL 388731 (10th Cir. Feb. 18, 2005); Varela v. United States, – F.3d –, 2005 WL 367095 (11th Cir. Feb. 17, 2005).

This Circuit’s retroactivity analysis of Apprendi is

dispositive of its retroactivity analysis of Blakely and Booker. As the Court emphasized in Moss, the prototypical example of a watershed ruling is the "sweeping rule" announced in Gideon v. Wainwright, 372 U.S. 335 (1963), requiring counsel be provided in all criminal trials for serious offenses. 252 F.3d at 998. Moss reasoned Apprendi did "not fall within the same vein as Gideon's pronouncement that one who is unable to afford a lawyer *cannot* be assured a fair trial unless counsel is provided for him." 252 F.3d at 998 (emphasis in original) (internal citations omitted). The Eighth Circuit concluded:

> we do not believe Apprendi's rule recharacterizing certain facts as offense elements that were previously thought to be sentencing factors resides anywhere near that central core of fundamental rules that are absolutely necessary to insure a fair trial.

Id. Accordingly, this Court should follow Moss to hold Blakely/Booker are simply clarifications of Apprendi, and are unavailable to defendant on collateral review because his conviction became final long before Blakely was decided on June 24, 2004, and Booker, on January 12, 2005.

**II. AN EVIDENTIARY HEARING IS UNNECESSARY**

"An evidentiary hearing on a § 2255 petition may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" Saunders v. United States, 236 F.3d 950, 952 (8th Cir. 2001), quoting 28 U.S.C. § 2255. The government submits that an

evidentiary hearing is unnecessary in this matter as the record conclusively demonstrates that defendant is not entitled to the relief he seeks.

**CONCLUSION**

For the foregoing reasons, petitioner's § 2255 motion seeking relief from his sentence under Booker should be denied and dismissed.

Respectfully submitted,

Dated: March 31, 2005.

THOMAS B. HEFFELFINGER
United States Attorney

s/ Chris S. Wilton

BY: CHRIS S. WILTON
Assistant U.S. Attorney
Attorney ID No. 252049