ANTHONY RAY ESCOBAR
REG.#15658-085
F.C.I. VICTORVILLE 1
P.O. BOX 5300
ADELANTO, CALIFORNIA 92301
In Pro-se

RECEIVED
BY MAIL
APR 22 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ANTHONY RAY ESCOBAR, | ] | No. 05-250-(ADM) |
| Petitioner | ] | CR No. 02-129-(ADM/RLE) |
| | ] | |
| v. | ] | REPLY TO GOVERNMENT'S OPPOSITION |
| | ] | TO DEFENDANT'S § 2255 MOTION |
| UNITED STATES OF AMERICA, | ] | |
| Respondent | ] | |
| | ] | |

______________________________/

**COMES NOW**, the Petitioner ANTHONY RAY ESCOBAR, acting in Pro-se and hereby respectfully submits this "Reply To Government's Opposition To Defendant's § 2255 Motion," and hereby states the following:

SCANNED
APR 25 2005
U.S. DISTRICT COURT ST. PAUL

1. On or about January 25, 2005, this Petitioner filed through Certificate of Service his initial 28 U.S.C.§ 2255 Motion.

2. On march 31, 2005, the United States by and through it's attorney of record CHRIS S. WILTON filed "Government's Opposition To Defendant's Motion To Vacate, Set-Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

3. This Petitioner now respectfully submits this "Reply To Government's Opposition..."

**REBUTTAL**

**Whether Blakely and Booker Apply Retroactively To Cases On Collateral Review.**

The Supreme Court has not yet stated whether the rule announced in Blakely and Booker applies retroactively to cases on collateral review.

In ascertaining whether Booker or Blakely applies retroactively, the first step is to clarify what rule the court announced, a process complicated here by the unusual alignment of justices. The remedy endorsed by five memebers of the Court (which made the Sentencing Guidelines advisory) must not be confused with the Constitutional violation at issue. The Constitutional violation was the enhancement of a sentence above the "statutory maximum," based upon facts neither admitted by the defendant nor found by a jury to be true beyond a reasonable doubt. Booker, supra.

The second step in analyzing retroactivity is to determine whether Blakely and Booker announce a "new rule". A case announces a "new rule" if the result was not dictated by precedent existing at the time the defendant's conviction became final. Teague v. Lane, 489 U.S. 288, 301 (1989)(plurality opinion). The Petitioner's conviction was final after the decision of Apprendi v. New Jersey, 530 U.S. 466 (2000). Although Blakely and/or Booker are extensions of Apprendi, the latters application to the federal sentencing guidelines was not dictated by Apprendi. Prior to Blakely, every circuit that considered the question concluded that Apprendi did not apply to the federal sentencing guidelines. See, e.g., United States v. Hernandez-Guardado, 228 F.3d 1017, 1026-27(9th Cir. 2000)(emphasis added).

The next step is to decide whether the new rule is substantive or procedural. A rule is substantive for the present purpose which is if it alters the range of conduct or the class of persons the law punishes. Rules that regulate only the manner of determining the defendant's culpability are procedural. Schriro v. Summerlin, ___, U.S. ___, 124 S.Ct. 2519, 2523 (2004). Applying this definition, the rule announced in Blakely and/or Booker is procedural.

New substantive rules generally apply retroactively, because they carry a significant risk that a defendant stands convicted of an act that the law does not make criminal, or faces punishment the law cannot impose upon him. Id at 2522-23 (internal citations and punctuations omitted).

New rules of procedure generally are not retroactive. They merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, retroactive effect is given to only a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding. Id at 2523 (citations omitted). That a new procedural rule is "fundamental" in some abstract sense is not enough. The rule must be one "without which the likelihood of an accurate conviction is seriously diminished." Id. (citations omitted).

The government asserts that retroactive application of Blakely/Booker is foreclosed by Schriro. That is only partly true. Schriro held that a rule "requiring that a jury rather than a judge find essential facts bearing on punishment" in capital cases would not be applied retroactively to cases on collateral review. Id at 2523-26. The Court was not persuaded that accuracy is so seriously diminished by judicial fact-finding as to produce an impermissibly large risk of injustice. Id.

Schriro addressed only the allocation of fact-finding responsibility between judge and jury. There is a second component to Blakely/Booker that Schriro did not address, namely, the facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by preponderance of evidence.(emphasis added).

The Supreme Court has acknowledged that the standard of proof can significantly impact fact-finding accuracy and society's confidence in the result. In Re: Winship, 397 U.S. 358, 363 (1970)("The reasonable doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error") and at 364("the reasonable doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law"); Ivan V. v. City of New York, 407 U.S. 203, 205 (1972)(purpose of reasonable doubt standard is to overcome an aspect of a criminal trial that substantially impairs the truth-finding function, and Winship is thus to be given complete retroactive effect); Hankerson v. North Carolina, 432 U.S. 233(1977)(giving retroactive effect to rule requiring proof of all elements of crime beyond a reasonable doubt and voiding presumptions that shift burden of proof to defendant).

Winship, Ivan V., and Hankerson, pre-date the retroactivity standard announced in Teague. Those decisions also concerned the validity of the underlying conviction, rather than a sentence enhancement. On the other hand, at least five Justices have said that sentence enhancements are of sufficient importance to warrant application of the reasonable doubt standard in some instances. See Apprendi, Blakely, and Booker, supra.

The government cites United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001) and United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002) as precedent existing case law. Moss, and Sanchez-Cervantes, held that Apprendi was not entitled to retroactive application. In reaching that conclusion, the panel relied upon a narrow interpretation of Apprendi that has now been repudiated in Blakely and Booker.

As the concurring opinion by Judge Hug observed, if the panel's understanding of Apprendi was mistaken, then "the Teague analysis would be quite different." Sanchez-Cervantes, 282 F.3d at 673.

**Petitioner's § 2255 Motion should not be dismissed because [h]e is not challenging an erroneous plea agreement, however is challenging the manner in which the sentence was imposed, and is being carried out.**

The Petitioner does not challenge [h]is plea agreement, but only the manner in which the sentence was imposed, being under unconstitutional guideline regime. The Supreme Court has declared that such guidelines (federal sentencing guidelines) are deemed to be unconstitutional, in violation of the Fifth and Sixth Amendments. The Petitioner has a right to be sentenced under the new advisory system of which certain factors cannot be considered upon sentencing. This information as well as the excised and severed statutes are subject of language in the Judgment and Commitment Order and require correction.

## CONCLUSION

**WHEREFORE,** this Petitioner respectfully submits this "Reply To Government's Opposition To Defendant's § 2255 Motion," and hereby requests that this Honoroable Court Order for resentencing de novo under the new advisory guideline regime, and further correct the Judgment and Commitment Order to reflect that the language present in such has been subject of excision and severance.

**FURTHERMORE,** that this Court Order for evidentiary hearing to ascertain to the fcats presented inese filings thereof.

**Respectfully Submitted**
**on this 17 day of April, 2005.**

**ANTHONY RAY ESCOBAR, Petitioner**