**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Anthony Ray Escobar,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 02-129(1) ADM/RLE
Civil No. 05-250 ADM

---

Chris S. Wilton, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Anthony Ray Escobar, *pro se*.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Anthony Ray Escobar's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Docket No. 62]. Defendant argues that, in light of United States v. Booker, his sentence is violative of his Sixth Amendment rights. For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

Defendant seeks to be resentenced. In April 2002 Defendant was charged in a two count indictment. [Docket No. 1]. On October 10, 2002, Defendant pled guilty [Docket No. 39] to Count 1, conspiracy to possess with intent to distribute methamphetamine, after entering into a plea agreement with the government [Docket No. 40]. Defendant was sentenced to a 121 month term of imprisonment

on February 24, 2003 [Docket No. 48]. Defendant directly appealed to the Eighth Circuit on March 5, 2003 [Docket No. 50]. Defendant's appeal was denied on December 30, 2003 [Docket No. 60].

## III. DISCUSSION

Defendant's motion is brought pursuant to 28 U.S.C. § 2255, which provides persons in federal custody a limited opportunity to collaterally attack the constitutionality, jurisdictional basis or legality of their sentence. See United States v. Addonizio, 442 U.S. 178 (1979). Defendant argues that, under United States v. Booker, his Sixth Amendment right to a fair trial was violated. 125 S. Ct. 738 (2005). Defendant contends that Booker demands a sentence reduction because the sentence imposed "is now deemed unconstitutional, as it was not advisory, but instead mandatory." Because Defendant's Motion is barred by the plea agreement and because Booker does not apply retroactively to cases on collateral review, his Motion is denied.

In Booker, the Supreme Court applied the principles first announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and affirmed in Blakely v. Washington, 124 S. Ct. 2531 (2004). Booker found the system of enhancements established by the United States Sentencing Guidelines ("USSG") violates the Sixth Amendment. See 125 S. Ct. at 749-50. The Supreme Court resolved this conflict by excising the provision of the Sentencing Reform Act that made the USSG mandatory, 18 U.S.C. § 3553(b)(1), effectively rendering the Guidelines advisory. Booker, 125 S. Ct. at 756-57; see also Green v. United States, 2005 U.S. App. LEXIS 1652, *2-3 (2d Cir. February 2, 2005).

### A. Is Defendant's Argument Barred by His Plea Agreement?

A waiver of a defendant's right to collaterally attack his sentence contained within a plea agreement is valid if a defendant entered into the agreement knowingly and voluntarily. DeRoo v.

United States, 223 F.3d 919, 923 (8th Cir. 2000). Here, the plea agreement contains a section titled "Waiver of Appeal and Collateral Review." Plea Agreement ¶ 15. The plea agreement states: "the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal his sentence, unless the Court sentences the defendant above level 29." Id. Defendant was sentenced at the low end of the level 29 guideline range. Defendant's failure to argue that his plea agreement is null and void because he did not enter it knowingly and voluntarily is fatal to his contention. As a result, Defendant's plea agreement bars his § 2255 Motion.

**B. May Booker Arguments Be Raised On Collateral Review?**

Although the Supreme Court did not expressly announce whether the relief afforded by Booker is available to prisoners on collateral review, courts have consistently held Booker resentencings in these cases are not appropriate. See, e.g., United States v. Shevi, No. 98-257, 2005 WL 661558, *5 (D. Minn. Mar. 22, 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

**1. Does Booker Announce a Substantive or Procedural Rule?**

Although the Supreme Court has stated that new rules apply to all criminal cases on direct review, such rules are only retroactively applicable to cases on collateral review in limited circumstances. Schiro v. Summerlin, 124 S. Ct. 2519, 2522 (2004). While new substantive rules generally apply retroactively, new procedural rules do not. Id. at 2522-23. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In

contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." Id. at 2523 (citations omitted) (emphasis in original).

The rule announced by Booker does not alter the range of conduct or the class of persons that the law pursues. Booker simply affects the method for determining the appropriate length of punishment. See Summerlin, 124 S. Ct. at 2523. The Supreme Court has stated "[r]ules that allocate decision making authority in this fashion are prototypical procedural rules." Id. at 2523-24 (holding that a rule requiring a jury rather than a judge to find the facts essential to the death penalty is a procedural rule, while a rule that a particular fact is essential to the death penalty is a substantive rule). Therefore, the rule announced in Booker is procedural, rather than substantive, in nature. Accord Humphress v. United States, 2005 U.S. App. LEXIS 3274, *11 n.1 (6th Cir. Feb. 25, 2005); McReynolds, 2005 U.S. App. LEXIS at *3-7.

**2. Does Booker's Procedural Rule Apply Retroactively to Initial § 2255 Motions?**

In Teague v. Lane, the Supreme Court set forth a three-step analysis for determining whether a procedural rule applies retroactively to cases on collateral review. 489 U.S. 288; see Beard v. Banks, 124 S. Ct. 2504, 2510 (2004). First, the reviewing court must determine the date when the defendant's conviction became final. Id. Second, the Court must decide whether the rule at issue is actually "new." Id. If so, the court must then determine whether the new rule falls into "one of the two narrow exceptions to the Teague doctrine." O'Dell v. Netherland, 521 U.S. 151, 156-57 (1997).

**a. Date Defendant's Conviction Became Final**

"A conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal . . . has been exhausted and the time for filing a petition for a writ of

certiorari has elapsed or a timely filed petition has been finally denied." Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (citation omitted). Defendant's direct appeal was denied by the Eighth Circuit on December 30, 2003. Defendant did not file a petition for certiorari to the Supreme Court within the allowed 90 day period. Rules of the United States Supreme Court 13(1). As a result, his conviction was final on March 29, 2004, well before the Supreme Court decided Booker on January 12, 2005.

**b. Was the Rule Announced by Booker "New"?**

For Teague purposes, a rule is "new" if it "breaks new ground." Teague, 489 U.S. at 301. In determining whether a case announces a new rule, a court must ask whether the result was "dictated" by existing precedent at the time the defendant's conviction became final. See id.; Beard, 124 S. Ct. at 2511. In other words, whether "the unlawfulness of [defendant's] conviction was apparent to all reasonable jurists." Beard, 124 S. Ct. at 2511, (quoting Lambrix v. Singletary, 520 U.S. 518, 527-28 (1997)).

Because the rule announced by Booker was not dictated by existing precedent at the time Defendant's conviction became final and it was not apparent to all reasonable jurists that his conviction was unlawful, Booker promulgated a new rule. First, the Supreme Court expressly stated that Booker's holding applies to "all cases on direct review." Booker, 125 S. Ct. at 769. Such a pronouncement would not have been necessary were Booker's result dictated by precedent. Second, until Booker was issued, the federal judiciary was deeply divided as to whether the rule announced in Blakely would apply to the USSG.[1] Blakely expressly reserved judgment about the status of the

---

[1] It is illustrative that the Eighth Circuit did not reach a conclusion on the matter. See United States v. Mooney, 2004 U.S. App. LEXIS 16302 (8th Cir. 2004) (granting en banc hearing and vacating the Court's July 23, 2004 opinion and judgment). Furthermore, the Second, Fourth, Fifth and

USSG. Blakely, 124 S. Ct. at 2538 n.9. Some Circuits, in divided opinions, found the USSG violated the Sixth Amendment. See United States v. Booker, 375 F.3d 508, 515 (7th Cir. 2004) (Easterbrook, J., dissenting); United States v. Ameline, 376 F.3d 967, 984 (9th Cir. 2004) (Gould, J., dissenting). Booker itself was decided over a four-justice dissent. Booker, 125 S. Ct. at 807 (Breyer, J., dissenting) (arguing that factual distinctions "offer a principled basis" for refusing to extend Blakely and Apprendi to the USSG). For all of these reasons, the Court finds Booker was not dictated by existing precedent and reasonable jurists would not have felt compelled to conclude its rule was constitutionally required. See O'Dell, 521 U.S. at 156.

**c. Is Booker's Rule Retroactively Applicable Under an Exception to Teague?**

Procedural rules are not retroactively applicable to cases on collateral review unless they fall into one of Teague's two narrow exceptions. The first exception applies to a rule that "places certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to proscribe." Teague, 489 U.S. at 307. This exception is clearly not implicated by Booker's holding. See Humphress, 2005 U.S. App. LEXIS at *6; see also United States v. Moss, 252 F.3d 993, 997 n.3 (8th Cir. 2001) (holding Apprendi does not implicate Teague's first exception).

The second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." O'Dell, 521 U.S. at 157 (quotation

---

Eleventh Circuits held Blakely did not compel the conclusion that the USSG violated the Sixth Amendment. See United States v. Mincey, 380 F.3d 102 (2d Cir. 2004); United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (en banc); United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004); United States v. Koch, 383 F.3d 436 (6th Cir. 2004) (en banc); United States v. Reese, 382 F.3d 1308 (11th Cir. 2004).

omitted). The Supreme Court has defined this exception narrowly to include only a "small core of rules requiring the observance of those procedures that . . . are implicit in the concept of ordered liberty." Id.

Although the Supreme Court has not explicitly considered whether Booker's holding applies retroactively to cases on collateral review, the Court's decision in Summerlin is instructive. Summerlin held that Ring v. Arizona, 536 U.S. 584 (2002), which extended Apprendi to prohibit a judge, rather than a jury, from finding the existence of certain aggravating factors warranting imposition of the death penalty, did not announce a "watershed rule of criminal procedure." Summerlin, 124 S. Ct. at 2524-26; see also Blakely, 124 S. Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in Summerlin, "that Ring (and *a fortiori* Apprendi) does not apply retroactively on collateral review"). The Court reasoned that Ring did not announce a watershed procedural rule because it was implausible to believe "judicial factfinding so seriously diminishes accuracy as to produce an impermissibly large risk of injustice." Id. at 2525 (emphasis in original) (internal quotation marks omitted). As a result, the Court held Ring was not retroactively applicable to cases on collateral review. See also United States v. Moss, 252 F.3d at 997-1001 (finding that the Apprendi "rule is not of watershed magnitude").

Because Booker, like Ring, is based on an extension of Apprendi, Summerlin's reasoning applies to Booker with equal force. Booker effectively rendered the USSG advisory and provided appellate review to ensure district judges applied the USSG reasonably. As in Ring, "no primary conduct has been made unlawful, and none of the many factors that affect sentences under the Sentencing Guidelines have been declared invalid." McReynolds, 2005 U.S. App. LEXIS at *5. Booker does not shift any decision from judge to jury, or reallocate the burden of persuasion. It merely

provides judges with more flexibility in applying the guideline system. Consequently, nothing suggests the judicial factfinding at issue in Booker is "either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in Ring." Humphress, 2005 U.S. App. LEXIS at *20-21. As a result, there is no evidence that Booker announced a watershed procedural rule.

For the aforementioned reasons, this Court concludes the rule announced in Booker is not applicable to cases on collateral review. As a result, Defendant's § 2255 Motion must be denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 62] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 6, 2005.