**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANTHONY RAY ESCOBAR,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

---

Crim. No. 02-129(1) (ADM/RLE)
Civil No. 05-250 (ADM)

**MEMORANDUM AND ORDER**

## INTRODUCTION

Petitioner pled guilty to a federal narcotics offense in October 2002, and he was later sentenced to 121 months in prison. He is presently serving his sentence at the Federal Correctional Institution at Victorville, California. In February 2005, Petitioner filed a motion seeking relief from his conviction and sentence pursuant to 28 U.S.C. § 2255, (Docket No. 62), claiming that his sentence should be vacated pursuant to Booker v. United States, 125 S.Ct. 738 (2005). Petitioner's § 2255 motion was denied by this Court's Order of May 6, 2005. (Docket No. 75.)

On May 16, 2005, Petitioner filed a Notice of Appeal in this matter. (Docket No. 77.) His Notice of Appeal was construed to include a request for a Certificate Of Appealability, ("COA"), which is required by 28 U.S.C. 2253(c). (Docket No. 76.) For the reasons discussed below, Petitioner's COA request will be DENIED.

## DISCUSSION

A federal prisoner is not permitted to appeal a final order denying a motion brought under 28 U.S.C. § 2255 without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also,

Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is seeking appellate review of the Booker claim that he raised in his § 2255 motion. This Court determined that Petitioner is not entitled to relief under Booker because (a) he waived his right to challenge his sentence as part of the plea agreement by which he was convicted and sentenced, and (b) Booker is not retroactively applicable to cases such as this one, which became final on direct appeal before Booker was decided. The second of these two grounds for denying the § 2255 motion, (i.e., that Booker is not retroactively applicable on collateral review), has not been expressly accepted by the Supreme Court or the Eighth Circuit Court of Appeals; and if that were the sole basis for denying Petitioner's motion, the Court might be inclined to grant a

COA with regard to the Booker retroactivity issue.[1] In this particular case, however, the denial of Petitioner's § 2255 motion did not rest solely on the non-retroactivity of Booker. The Court initially determined that Petitioner had waived his right to collaterally challenge his sentence when he entered into his plea agreement. Petitioner is therefore barred from attacking his sentence under § 2255, regardless of whether Booker is, or is not, retroactive applicable on collateral review.

After reviewing Petitioner's claims once again, the Court remains fully satisfied that they were properly denied for the reasons set forth in the Order of May 6, 2005. The denial of Petitioner's claims is not "debatable among reasonable jurists," and the Court finds no reason to think that any other court -- including the Eighth Circuit Court of Appeals -- could decide his § 2255 motion any differently than it was decided here. Therefore, Petitioner will not be granted a COA in this matter.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's request for a Certificate of Appealability, (Docket No. 76), is DENIED.

Dated: June 3, 2005

s/Ann D. Montgomery
ANN D. MONTGOMERY
United States District Court Judge

---

[1] We note, however, that so far virtually every federal court that has considered the Booker retroactivity issue has concluded, as the Court did here, that Booker is not retroactively applicable on collateral review. See See e.g., Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).